FILED
United States Court of Appeals
Tenth Circuit

May 12, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT LOUIS BROWN,

     Plaintiff – Appellant,

v.

MARRIOTT HOTEL,

     Defendant – Appellee.

No. 14-4139
(D.C. No. 2:14-CV-00116-TC)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Robert Brown filed a claim against his former employer, Marriott Hotel Services, Inc., alleging employment discrimination related to his termination in 2013. Appellant worked for Marriott as a part-time stocking clerk at one of its hotels but limited his work availability to Fridays to accommodate another full-time job. Appellant's supervisor hired a friend from church who took over Appellant's

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

responsibilities. The supervisor told Appellant he would be called if he was needed. After three months without being requested to work, he was administratively terminated by Marriott's payroll system.

Appellant accuses Marriott of discrimination and cites to Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination based on a person's race, color, religion, sex, or national origin. However, Appellant, who is black, never actually alleges he was terminated because of his race. He states the discrimination occurred when his supervisor failed to follow Marriott's own hiring policy regarding conflicts of interest by hiring a friend from church.

The district court found that Appellant's allegations did not provide a basis for a federal employment discrimination claim against Marriott and dismissed it under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The district court also dismissed a motion to disqualify Marriott's counsel for allegedly failing to share information about the case with high-level corporate officials because even if true, the allegations did not amount to a disqualifying ethical violation.

After careful review of the record on appeal, we agree with the district court dismissal of the case under Rule 12(b)(6). Even though we construe Appellant's submissions to this court liberally because he is a pro se litigant, *see, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we cannot find among Appellant's submissions anything but bare allegations about violations of internal Marriott hiring policies. Appellant mentions he is black and his replacement at Marriott was Chinese, but he makes no cognizable case of racial discrimination under federal law.

2

*See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973) (setting out the elements of a prima facie employment discrimination case under Title VII of the 1964 Civil Rights Act).

We also agree with the denial of Appellant's motion to disqualify Marriott's counsel. Appellant's reasons for seeking to dismiss Marriott's counsel appear to be that they attempted to have his claims dismissed and opposed his motions generally, as well as allegedly failing to inform corporate officials about Appellant's grievances with his termination. Even if true, none of the actions Appellant alleges Marriott's counsel took violate any ethical rules or justify disqualification from the case.

After Appellant filed his initial appeal in this case, he filed two motions; one "to dismiss Appellee from case" and the other "to have all court filings by Appellee defendant lawyers thrown out." These motions claim Appellant never received a copy of Marriott's response brief and repeat his allegations of attorney misconduct. However, Marriott's response brief includes a certificate of service stating a copy was sent to Appellant's current mailing address and Appellant notably filed a reply brief. Appellant's allegations of attorney misconduct have already been raised and addressed.

We **AFFIRM** the district court's dismissal of the case pursuant to Fed. R. Civ. P. 12(b)(6) and the denial of Appellant's motion to disqualify Marriott's counsel. We also **AFFIRM** the district court's dismissal of Appellant's "Motion for Court

3

Hearing" as moot.  We **DENY** Appellant's motions "to dismiss Appellee from case"

and "to have all court filings by Appellee defendant lawyers thrown out."

Entered for the Court

Monroe G. McKay
Circuit Judge